IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-08-025-JHP |
| | ) | |
| JOHNNY EDWARD SMITH, a/k/a "Tick," a/k/a "Little Johnny," | ) | |
| TERESA LOU MARTIN, a/k/a "Coo," | ) | |
| SEAN WARRIOR, a/k/a "Fat Boy," | ) | |
| NATHAN DAVON SIMMONS, | ) | |
| DANUEL JUNIOR DYER | ) | |
| MILTON TRAVIS WARRIOR, | ) | |
| PHILLIP JEROME WARRIOR, a/k/a P.J. Warrior, | ) | |
| OCQUINETTA ALICIA DAN, | ) | |
| JEREMY SHANE WOODARD, | ) | |
| OLYMPIA DENISE CALDWELL, | ) | |
| CLARENCE LEE PIERCE, III, a/k/a "Three," | ) | |
| UNA NISHETTA SMITH, and | ) | |
| VANCE EUGENE WINSLOW, III, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes on for decision on Defendant Olympia Denise Caldwell's Motion for Severance of Defendants (Dkt. # 212) in which Defendant Caldwell requests "she be granted a trial separate and apart from each of the other defendants in the case." On July 11, 2008, the Government filed a response objecting to defendant's motion. *See*, Dkt. # 219.

On March 12, 2008, Defendant Caldwell was charged, along with thirteen (13) other individuals, in a twenty-eight (28) count indictment with Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, in violation of 21 U.S.C. § 846. *See*,

Count I of Indictment, Dkt. # 15.  In addition to the conspiracy alleged in Count I, Defendant Caldwell is also charged in Count 18, along with co-defendant Ocquinetta Alicia Dan, with Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2.  Defendant Caldwell urges this Court to sever her case from that of her co-defendants pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure arguing that

> [t]he indictment does not allege any drug related overt acts on the part of Olympia Caldwell.  The indictment only alleges that Olympia Caldwell purchased tickets for travel.  The indictment does not allege Olympia Caldwell had any knowledge of criminally derived property used to purchase travel. . . . .Based upon the indictment and discovery disclosed thus far, there is no evidence that Olympia Caldwell was involved in a drug conspiracy.  Additionally, there is no evidence that Olympia Caldwell used criminally derived property to purchase tickets.  It is not believed that the jury will make a reliable judgment about guilt or innocence of Ms. Caldwell is (sic) she is forced to defend herself in a multi-defendant multi-count drug conspiracy.

Dkt. #212, Motion for Severance, at p. 3.

> Rule 8(b) of the Federal Rules of Criminal Procedure provides:
>
> **Joinder of Defendants.**  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

In the federal system there is a preference for a single joint trial of all defendants who are indicted together.  *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993).  On the other hand, Rule 14 of these Rules permits a district court to order "separate trials of counts, sever the defendants' trials, or provide any other relief that

justice requires" if the joinder of offenses or defendants "appears to prejudice a defendant or the government." Rule 14 does not, however, require severance even if prejudice is shown; rather, a district court is given discretion to tailor relief, if any, as dictated by the circumstances of a given case. *Zafiro*, 506 U.S. at 538-539, 113 S.Ct. at 938. According to the Supreme Court, "a district court should grant a severance under rule 14 only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* Where the risk of prejudice is high, a district court may be more likely to determine that separate trials are necessary, but less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. *Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987)).

In this particular case, Defendant Caldwell has been charged, in Count One of the Indictment, as a co-conspirator in a drug conspiracy. In a federal drug conspiracy, the evidence must establish that two or more persons agreed to violate federal narcotics laws, the defendant knew at least the essential objectives of the conspiracy and the defendant knowingly and voluntarily became a part of the conspiracy. *United States v. Russell*, 963 F.2d 1320 (10th Cir. 1992). While the overt acts of other co-conspirators form the basis of the various counts of the indictment herein, if Defendant Caldwell is found to be a member of the conspiracy, she will be held legally responsible, for all of the crimes of her fellow conspirators committed in furtherance of the conspiracy which were reasonably foreseeable

3

by her. *Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-83, 90 L.Ed. 1489 (1946).

Where a conspiracy is alleged, it is preferred that the persons charged together be tried together. *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995). Only where a defendant makes a "strong showing of prejudice," should a district court grant a severance. *Id.*

> Prejudice occurs when 'there is a serious risk that joint trial [will] compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' (citations omitted) Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' [of damaging evidence] is sufficient to warrant severance. (citations omitted)

*Id. See also*, *United States v. Ray*, 370 F.3d 1039, 1044-45 (10th Cir. 2004) (holding evidence of co-defendant's gruesome murder of two individuals that had previously stolen drugs from co-defendant; torture of another individual; and other incidents of violence and intimidation relating to drug deals not sufficient to establish prejudice warranting severance) and *United States v. Hack*, 782 F.2d 862 (10th Cir. 1986) (holding "a mere disparity in the evidence from a quantitative standpoint against each defendant in a conspiracy case, without more, provides no justification for severance.")

Defendant Caldwell does not identify any specific trial rights which she would be denied if she were tried jointly with her co-defendants. Rather, Defendant Caldwell merely asserts the "spillover effect of evidence presented against the co-defendants will engulf" her. Dkt. 213, at p. 3. Thus, Defendant Caldwell has failed to establish that she will be prejudiced

4

simply by being tried with her alleged co-conspirators. This Court can and will formulate appropriate limiting instructions to guide the jury in determining the issues in a conspiracy case such as the one involved herein. Accordingly, Defendant Caldwell's Motion for Severance (Dkt. # 212) is hereby denied.

It is so ordered on this 7th day of August, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma